STEWART-CHUTE LUMBER CO., APPELLANTS, v. M. P. R. CO. ET AL., APPELLEE.

[FILED SEPTEMBER 22, 1891.]

**Mechanics' Liens:** MATERIAL FURNISHED SUBCONTRACTOR ON RAILROAD. Lumber sold to subcontractor on a railway, for the erection of shanties for his employes, and stables for his teams, is not within the statute granting a lien for labor performed or material furnished in the construction, repair, and equipment of the railroad, and gives no right of action against the railway company. *Stewart-Chute Lumber Co. v. Mo. Pac. Ry. Co.*, 28 Neb., 39, overruled. COBB, CH. J., dissents for reasons stated in his former opinion.

REHEARING of case reported 28 Neb., 39.

For a synopsis of the briefs of counsel see former report. In addition to the cases there given :

*Chas. O. Whedon*, for appellant, cited : *White Lake Lumber Co. v. Russell*, 22 Neb., 129; *Yearsley v. Flanigen*, 22 Pa. St., 491; *Odd Fellows' Hall v. Masser*, 24 Id., 510.

*Talbot & Bryan*, contra, cited: *Davis v. Livingston*, 29 Cal., 283; *Walker v. Hauss Hijo*, 1 Cal., 184; *Bottemly v. Grace Church*, 2 Id., 90; *McCormick v. Water-works*, 40 Id., 185; *Dudley v. R. Co.*, 30 Am. & Eng. R. Cases [Mich.], 236; *Oppenheimer v. Morrell*, 12 Atl. Rep. [Pa.], 307; 2 Jones, Liens, secs. 1234, 1235, 1251, 1352, 1634, 1672; *Knapp v. R. Co.*, 6 Mo. App., 205; *Perkins v. Pike*, 42 Me., 141; *Willemette T. & M. Co. v. Remick*, 1 Ore., 169; *Odd Fellows' Hall v. Masser*, 64 Am. Dec. [Pa.], 675; *Zeigler v. Galvin*, 45 Hun [N. Y.], 44; *Jones v. Walker*, 63 N. Y., 612; *Foster v. Dohle*, 17 Neb., 631; *Marrenger v. Paxton*, Id., 634; *Hommel v. Lewis*, 104 Pa. St., 465; *Power v. McCord*, 36 Ill., 214; *C. & St. L. R. Co. v. Watson*, 85 Id., 531.

MAXWELL, J.

An opinion was filed in this case in 1889, which is reported in 28 Neb., 39, the judgment of the court below being reversed and judgment entered in this court for the plaintiff. As that decision was rendered by a divided court, a motion for a rehearing was sustained and the cause is again submitted to the court.

The facts in brief are these : One Marcus Kavanaugh was a subcontractor on the Missouri Pacific railway, in the construction of that road from Weeping Water to Lincoln, and purchased from the plaintiff building material to the amount of $296.19 for the construction of shanties for the

persons employed by him on his subcontract, and also for the construction of stables for the teams used by said employes in grading the road. The shanties and stables had no connection whatever with the railway. Under this state of facts can the plaintiff enforce its claim against the railway company for the amount of Kavanaugh's debt?

Sec. 1, art. 2, chap. 54, Compiled Statutes, provides "That whenever any laborer upon any railroad, canal, viaduct, bridge, ditch, or other similar improvement in this state shall have just claim or demand for labor performed on any such railroad, canal, bridge, ditch, viaduct, or other similar improvement against any person or persons who are, or any company which is, a contractor on such railroad, canal, viaduct, or bridge, or against any person or persons who are subcontractors with any person or persons, or company, contracting with any such railroad, bridge, viaduct, or ditching company for the construction of any part of such railroad, bridge, canal, viaduct, or ditch of any such company, every such railroad, canal, bridge, or ditch company shall be liable to pay such laborer the amount of such claim or demand with ten per cent interest thereon; *Provided,* Such laborer shall have given notice within sixty days after the last item of labor shall have been performed that he or she has such claim or demand. Such notice shall be given in writing, and shall specify the peculiar nature and amount of the claim or demand, and shall be delivered to the president or vice president, superintendent, agent, or the managing director, or chief engineer of any such company, or to the engineer in charge of that portion of the work, or any portion of the railroad, canal, viaduct, bridge, or ditch upon which such labor is performed.

"Sec. 2. When material shall have been furnished or labor performed in the construction, repair, and equipment of any railroad, canal, bridge, viaduct, or other similar improvement, such labor and material, man, contractor or

subcontractor, shall have a lien therefor, and the said lien therefor shall extend and attach to the erections, excavations, embankments, bridges, road-bed, and all land upon which the same may be situated, including the rolling stock thereto appertaining and belonging, all of which, including the right of way, shall constitute the excavation, erection, or improvement provided for and mentioned in this act."

The lien is given for material which "shall have been furnished or labor performed in the construction, repair, and equipment of any railroad." These words do not include lumber, material, or labor which was not performed or furnished in the construction, repair, or equipment of the road. If this were not so there would be no limit to the liability of a railway company. If by a strained construction of the statute, the company is held liable for material used for shanties, it would by the same rule be liable also for food and clothing for the employes, and feed for the teams, and it would be difficult to tell where its liability would cease. The lien is created by statute, and independent of that no cause of action exists against the company.

The question here presented was before the supreme court of Michigan in *Dudley v. Toledo, etc., Ry. Co.*, 32 N. W. Rep., 885, and it was held that debts incurred for the board and clothing of hands employed in constructing the railroad, and feed for teams used in that business, do not come within the provisions of the statute, and cannot be enforced against the railway company. That decision in our view is correct.

It follows that the judgment heretofore rendered by this court is reversed, and the judgment of the court below

AFFIRMED.

NORVAL, J., concurs.

COBB, CH. J., dissents for reasons stated in his former opinion.