RAPAUNO CHEMICAL COMPANY, Appellant, v. GREEN-
FIELD AND NORTHERN RAILWAY COMPANY,
Respondent.

### St. Louis Court of Appeals, October 1, 1894.

1. **Railroads**: PERSONAL LIABILITY FOR MATERIALS FURNISHED TO SUB-
CONTRACTORS. In proceedings to charge a railway company with
personal liability for materials furnished to a subcontractor for the
construction of its road, the service on such company of the requisite
notice of the claim must be made in the manner prescribed by stat-
ute; service upon the general manager of the company is insufficient,
unless it appears that he had the immediate supervision of the sec-
tion of the road on which the materials were used.

2. ———: LIEN FOR MATERIALS.  It is not essential to the establish-
ment of a lien on the railroad for materials so furnished, that the
materials should actually have entered into, and formed a part of the
structure.  It is sufficient if their use was necessary, and they were
in fact used or consumed in the making of the improvement.  Accord-
ingly, the lien may arise for giant powder thus consumed.

3. ———: ———: SUFFICIENCY OF EVIDENCE.  Proof, that the person to
whom such giant powder was furnished was the subcontractor for the
necessary work in preparing a portion of the roadway for the recep-
tion of ties and iron, prima facie establishes his authority to contract
for such powder for the purposes of the work.

*Appeal from the Lawrence Circuit Court.*—HON. W. M.
ROBINSON, Judge.

REVERSED AND REMANDED.

*Edward J. White* for appellant.

*Mann & Talbutt* for respondent.

BIGGS, J.—This is an action to enforce the lien of
a material man for the value of giant powder, alleged
to have been furnished to, and used by, contractors in
the construction of a specified section of the defend-
ant's railroad.  The court sustained a demurrer to the
plaintiff's evidence, and it is of this that the plaintiff
complains on this appeal.

The contentions are, that under the undisputed evi-
dence the plaintiff was entitled to a judgment enforcing
its lien, and, also, to a personal judgment against the
defendant for the amount of the claim.  We will no-
tice the latter proposition first.  Section 2565 of the
Revised Statutes of 1889 reads: "Whenever any
contractor for the construction of any part of rail-
road which is in process of construction, or any con-
tractor for the repairing of any part of a railroad,
shall be indebted to any subcontractor or laborer, or

other person, who shall do or perform any work or labor upon or *furnish any materials for said road*, such subcontractor or laborer, or other person, may give notice of such indebtedness to said company in the manner hereinafter provided, and said company shall thereupon become liable to pay such subcontractor or laborer, or other person, the amount so due, and action may be maintained against said railroad therefor; such notice shall be given by said subcontractor, laborer, or other person, within twenty days after the performance of the labor or work or the delivery of the materials, for which the claim is made; such notice shall be in writing and shall state the amount and number of days' labor or work, and the amount, description and quantity of materials furnished, and the time when the said labor or work was performed, and the time when the said materials were furnished for which the claim is made, and the name of the contractor from whom due, and shall be signed by such subcontractor, laborer or other person, or their attorney, and *shall be served on an engineer, agent or other person employed by said company having charge of the section of the road on which said labor or work was performed, or such material furnished, personally, or by leaving said notice in the office or usual place of business of such engineer, agent or person having charge, with some person over fifteen years of age;* but no action shall be maintained against any company under the provisions of this section, unless the same be commenced within ninety days after notice is given to the company by such subcontractor or laborer, as above provided." The italics are our own.

In the case at bar the notice above specified was served on T. A. Miller, the general manager of the road. There was no proof that Miller had the immediate supervision of the section of the road where it is claimed the materials were used, and for this reason

we think the plaintiff's evidence was insufficient on this branch of the case. The required service of the notice is special, and the reason is obvious. The right to a personal judgment is unusual and strictly *in invitum;* therefore, the clear intention of the legislature was that, in such cases, the railroad company should receive notice of such a claim through its engineer or other representative having the direct management of that portion of the road where the work was done, or materials furnished, to the end that the company, for its own protection, might be speedily and correctly advised of the true facts and attending circumstances. We, therefore, conclude that the judgment of the circuit court on this branch of the case was correct.

In support of the judgment denying the plaintiff's right to a lien, it is urged that giant powder is not a lienable article, and that it must be considered a part of the "plant" of the contractor. It is further contended that there is a total lack of evidence tending to show that the use of powder was provided for in the contract, or was necessary for the work.

There has been no construction of our statute which would throw any particular light on the first proposition. The question has been decided in other states under like statutes, and the conclusions reached are opposed to the construction here contended for. The statute in this state (R. S. 1889, sec. 6741) reads: "All persons who shall do any work or labor in constructing or improving the roadbed, rolling stock, station houses, depots, bridges or culverts of any railroad company, incorporated under the laws of this state, or owning or operating a railroad within this state, and all persons who shall furnish ties, fuel, bridges *or material to such railroad company*, shall have, for the work done and labor performed and for the material furnished, a lien," etc.

The lien statute of the state of Oregon provides that every person "furnishing material of any kind to be used in the construction * * * of any building * * * shall have a lien," etc. The United States circuit court for the district of Oregon held in the case of *Giant Powder Co. v. Railroad*, 42 Fed. Rep. 470, that giant powder used in the construction of the defendant's road was "material" under the Oregon statute. The judge in his opinion said: "This powder was not only 'used' in the construction of this road, but it was thereby necessarily consumed, and it was so intended. It was furnished to be so used in the construction of this road. Nice questions may arise as to whether material is 'used' in the construction of a road as a tool or plant simply, or so used and consumed as to entitle the furnisher to a lien on the result for its value. The food furnished a contractor for the workmen may be said to be 'used' and 'consumed' in the construction of the road on which they work; but this is only so in a remote and consequential way or sense. The food does not enter directly into the structure, and is not so used. Mason work may be done on a road in a dry country or season, when large quantities of water must be hauled many miles for the preparation of the necessary mortar. Upon the completion of the structure and the hardening of the mortar, the water has as thoroughly disappeared as the powder after the blast. Again, lumber may be used in the construction of a building for the purpose of scaffolding. However, it does not thereby literally enter into the composition of the building, nor, so to speak, become a part of it. But, in my judgment, both it and the water have been 'used' in the construction of the building and mason work, within the meaning of the lien law, and the purpose for which it was enacted. And so I think this powder was 'used' in the construction of this section of

the road, whereby it was consumed, not gradually and incidentally, as a tool or part of a contractor's plant, but wholly and at once, in aiding to clear and fit the road way for the reception of the ties and rails.''

Without subscribing to all that the learned judge said in the foregoing opinion, we think that both on reason and authority the conclusion reached on the question in judgment was right. This court in the case of *Knapp v. Railroad*, 6 Mo. App. 205, made the statement incidentally that a material man was not entitled to a lien, unless the materials furnished were "*actually incorporated*" in the structure. Under this statement of the law it would be difficult, in our opinion, to sustain the conclusion in the Oregon case. In a subsequent case, however, the court modified its former opinion and held that materials provided for in the contract and necessary for the work might, under certain circumstances, be covered by a mechanic's lien, though they may not have been actually incorporated in the structure. *Andrews v. Railroad*, 16 Mo. App. 299.

The question under consideration has been before the New York courts. *Hazard Powder Co. v. Byrnes*, 21 How. Pr., 189. The statute of New York provides, that any person who shall, in conformity with the terms of the contract between the owner and contractor, furnish to the contractor any materials in building any house or building shall have a lien on the improvement. In the case above cited the plaintiff claimed a lien for powder and fuses furnished the contractor for the purpose of blasting rock preparatory to laying the foundation walls for the defendant's building. In delivering the opinion Judge HILTON said: "I think that the fair and reasonable interpretation of such language is, that the right of lien extends to all such materials as ordinarily enter into, or are used in the construction of,

buildings, and which are within the express or implied terms of the building contract made between the owner and contractor. *Wood v. Donaldson*, 17 Wend. 550; *McDermott v. Palmer*, 4 Seld. 383. Here the contract imposed upon the builder the duty of removing rock from the surface of the land preparatory to laying the foundation walls, and hence the powder and fuses furnished became necessary for the purpose of blasting the rock and enabling the contractor to construct the contemplated building. Such materials, when thus impliedly contracted for, and actually furnished and used, must, I think, be classed within the list of things which are denominated in the lien law as 'materials in building,' and for which a lien may be acquired."

In Colorado there is a lien statute applicable particularly to mines, wherein it is provided that any person furnishing "timber or other materials to be used in or about the mine, shall have a lien therefor." In *Keystone Mining Co. v. Gallagher*, 5 Col. 23, one of the claimants had furnished powder, steel and candles, which were used in working the mine, and for which he claimed a lien on the mine. In disposing of the objection made to this claim the court said; "It is objected that the decree as to Boettcher's claim is erroneous, because the articles furnished by him were not of the character comprehended by the lien law, specifying 'timber or other materials to be used in or about the mine.' The testimony shows that the articles furnished were powder, steel and candles, for use of the mine. These articles are as clearly within the meaning of the statute as anything we can conceive of essential to the working of a mine."

The rule to be deduced from the foregoing authorities is that, in order to maintain a lien for materials furnished, it is not necessary in all cases that such materials should *actually* have gone into the structure

OCTOBER TERM, 1894.        13

Rapauno Chem. Co. v. The G. & N. R'y Co.

and formed a part thereof. It is sufficient if their use was necessary, and they were in fact used or consumed in the making of the improvements. Hence we think that the argument is unsound, that the lien in the case here must fail because the powder was entirely consumed, and, therefore, could not have been actually incorporated in the work. Such a construction of the statute we conceive to be a strained one, and not within its equity or spirit. What was said on this subject by the supreme court in the case of *Simmons v. Carrier*, 60 Mo. 581, must be read in the light of the particular facts of that case. There the claim was for lumber. The court held that a lien could not be maintained for such material, unless it actually entered into the construction of the building. This was undoubtedly a proper construction of the statute as applicable to lumber and such like materials to be used in or on the improvements; but in our opinion it is unreasonable to apply such a test to powder which is entirely consumed in its use.

It was admitted by the defendant that the persons to whom the plaintiff furnished the powder were subcontractors, and that they did the necessary work in preparing a portion of the defendant's roadway for the reception of the ties and iron. Under this admission it was not necessary for the plaintiff to show that the contract specially provided for the use of powder, or that its use was necessary in the construction of the road. We know by common experience that the use of powder is generally necessary in making excavations for railroads; hence the right of the contractors, under their contract, to purchase it for that purpose is implied from the very nature of the work. Phillips on Mechanics' Liens [3 Ed.], section 161. In addition the plaintiff proved the sale and delivery of the powder, and that it was actually used in the construction of the

roadbed.   This made at least a *prima facie* case for the plaintiff.   Whether the defendant could show in rebuttal that the use of the powder was unnecessary we need not decide, as there was no evidence to that effect.

Under an order of this court the clerk of the circuit court has sent up the lien and original papers in the cause.   These show that the lien was filed, and action thereon commenced within the time prescribed by statute.   This answers the objections to the plaintiff's abstract of the evidence on that score.

Objection is made in reference to the sufficiency of the lien paper, but, as we are of the opinion that there is no merit in the objection, a discussion of it would be unprofitable.

Under the present record we are of the opinion that the demurrer to the evidence as to the enforcement of the lien ought to have been overruled.   For this reason the judgment of the circuit court sustaining it will have to be reversed, and the cause remanded for further proceedings.   All the judges concur.