INDIANA POWDER COMPANY, Respondent, v. ST. LOUIS, KANSAS CITY & COLORADO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 2, 1906.

1. **LIENS AGAINST RAILROADS: Original Contractor.** Where the owner of a quarry had a contract with a railroad company to furnish crushed rock aboard the defendant's cars, and did so furnish it, and the railroad company used it in ballasting its road, though the contract did not state for what purpose it should be furnished, the quarry company was not an original contractor for the construction of the road within the meaning of the law relating to liens against railroads.

2. ———: **Material Furnished: Blasting Powder.** Blasting powder, furnished for the purpose of quarrying rock, which was afterwards crushed and delivered to a railroad company, under such a contract, and used in ballasting the latter's roadbed was not material used in constructing or improving such roadbed so as to allow a lien for the same under section 4239, Revised Statutes of 1899.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED.

*W. F. Evans, A. H. Bolte* and *Barclay, Shields & Fauntleroy* for appellant.

(1) The plaintiff was not entitled to a judgment declaring a lien on the defendant railroad because the materials were not furnished to the railroad company or to any contractor with said company having in charge the building, construction or improvement of such railroad or any part thereof. R. S. 1899, section 4239, p. 1019; Von Frank v. Brooks, 93 Mo. App. 412; Sween v. Railway, 85 Mo. 87; Hetzell v. Cary Co., 20 Mo. App. 435; Andrews v. Tunnel Co., 16 Mo. App. 299; Mackler v. Railway, 52 Mo. App. 516; Chemical Co. v. Greenfield, 59 Mo. App. 6. (2) One who performs labor or furnishes material in preparing materials for contractors for constructing or repairing railroads or for furnishing a plant to prepare materials for that purpose has no lien therefor. Railway v. Mathews, 12 S. W. 976; Railway v. Lyle, 26 S. W. 264; Railway v. Love, 86 S. W. 395; Basshar v. Railroad, 65 Md. 99; Rolling Mills v. Street Cons. Co., 68 Fed. 956.

## THE LIEN THAT LIENED TOO FAR.

This is the Road the Company built.
This is the Ballast of stone they spilt
Along the Road the Company built.
This is the Mill on the far-away Hill,
Which crushed the Ballast of stone they spilt
Along the Road the Company built.
This is the Man with crowbar and drill,
Who quarried the Rock which was crushed by the Mill,
That made the Ballast of stone they spilt
Along the Road the Company built.
This is the Powder and Dynamite fuse,
That the Man with crowbar and drill did use
To quarry the Rock that was crushed by the Mill,
Which the Oil soothed on the far-away Hill
To crush the Ballast of stone they spilt

Along the Road the Company built.
This is the Lien that pays all the bills,
The Fuse and the Powder, the Man with the drills,
The Oil and the Steam to run the Mills,
Whether near or far on a thousand hills,
Just so the Railroad foots the bills,
To crush the Ballast of stone they spilt
Along the Road the Company built.

### L'ENVOY.

See what a medley this plaintiff doth mix,
To whom we expect the Court to say "NIX"!
His powder blew off on so distant a scene
That it left of his lien but the smoke of a dream.

*Kinealy & Kinealy* for respondent.

On the facts in this case the respondent was entitled to a lien on the railroad. Sec. 4239, R. S. 1899; Van Frank v. Brooks, 93 Mo. App. 412; Cent. Tr. Co. v. Railway, 54 Fed. 598; Andrews v. Railroad, 16 Mo. App. 299; Rapauno Chem. Co. Railway, 59 Mo. App. 6; Heltzell v. Railroad, 77 Mo. 315; Sween v. Railway, 85 Mo. App. 87. The finding of the court that all of the items of the lien account were furnished under one contract is conclusive. Heltzell v. Railway, 20 Mo. App. 435. The lien is claimed on the whole road, and the description contained in the lien paper and the petiton is more than sufficient. Bethune v. Railway, 149 Mo. 587.

STATEMENT.—On May 29, 1903, the defendant, the Shutt Improvement Company, a corporation, made a contract in writing with the defendant railroad com-whereby the Shutt Improvement Company agreed to furnish the railroad company two hundred thousand cubic yards of crushed rock, on the line of defendant's road in St. Louis county, and if the railroad should elect, to crush two hundred thousand more cubic yards, on its line of road in Osage county, and load the same on de-

fendant's cars, for which the railroad company agreed
to pay fifty cents per cubic yard and to grant it certain
free transportation over its road.   The Shutt Improve-
ment Company installed a crushing plant at Mona, in
St. Louis county, and one at Eldon, in Osage county,
both on the line of defendant's road and proceeded to
quarry rock from its own premises and crushed and load-
ed it on cars furnished by the railroad company.   The
rock crushed at Mona was used by the railroad company
as ballast on that portion of its roadbed, running
through St. Louis and Franklin counties, which had
been constructed and in operation for about three years.
The crushed rock delivered at Eldon was used as ballast
on recently constructed roadbed in that neighborhood.

The plaintiff, in one contract, sold to the Improve-
ment Company $3,790.35 worth of powder and dynamite,
delivered in carload lots, as ordered by said company.
At the time the suit was commenced there was a balance
of $1,654.35 due on the account.   After the suit was
brought, but before trial, the Improvement Company
paid two hundred dollars on the account.   All the pow-
der and dynamite furnished by plaintiff was used by the
Improvement Company for blasting out rock to be crush-
ed at Mona and Eldon.   On July 4, 1904, plaintiff filed,
in the office of the clerk of the circuit court of St. Louis
county, a complete statement of its account with the
Shutt Improvement Company and its declaration, sup-
ported by affidavit, that it claimed a lien upon the rail-
road for the balance due on the account.     Due and
timely notice was given the defendant railroad company
of the filing of the lien account.  The suit is to foreclose
this lien and for a personal judgment against the Shutt
Improvement Company.

The petition and the declaration for a lien both
state that the lien account was for material furnished by
plaintiff for use in the construction of the road under a
contract with the Shutt Improvement Company, "which
was the original contractor with said St. Louis, Kansas

City & Colorado Railroad Company for the doing of the work and labor and furnishing the materials for the construction of the road, including the materials furnished by it The Indiana Company."

At the close of the evidence the defendant Railroad Company moved the court to declare as a matter of law that the plaintiff was not entitled to a lien upon the road, and that the issues should be found in favor of the railroad company. The court refused the motion and rendered a personal judgment (the issues having been submitted to it) against the Shutt Improvement Company, and a judgment foreclosing plaintiff's lien against the railroad company. The defendant railroad company appealed.

BLAND, P. J. (after stating the facts.)—1. The Shutt Improvement had no contract to either construct or improve the railroad or any part of it. Its contract was to crush its own material (rock) and load it into the railroad company's cars at fifty cents per cubic yard. The purpose for which and the place where the rock was to be used is nowhere stated in the contract between the railroad company and the Shutt Improvement Company; nor were the officers or agents of the improvement company informed whether the railroad company intended to use the crushed rock to ballast its own road, to sell it to some other road, or to sell it in the market, therefore, there is an utter failure of proof in the allegation of the petition and in the declaration of lien, that the Shutt Improvement Company was an original contractor for the construction of the road. Its contract was to furnish crushed rock aboard the railroad company's cars, not to crush rock and distribute it as ballast upon the railroad track. It contracted to furnish material that might or might not be used in the construction or repair of the road. But as the material was actually used as ballast on the railroad track, plaintiff claims it is entitled to a lien under the second clause of the Railroad Lien Law,

which gives a lien to "all persons who shall furnish ties, fuel, bridges or material" to any railroad, etc. [R. S. 1899, sec. 4239.] Under this clause of the statute a lien is given whether the material is furnished in the construction of a new road or in the improvement of an old roadbed, and whether the material is delivered to the railroad company direct or to an original or subcontractor, and attaches whether or not the material is actually used in the construction or improvement of the roadbed. [Andrews v. St. Louis Tunnel R. Co., 16 Mo. App. 299; Rapauno Chemical Co. v. Railway, 59 Mo. App. 6; Cross v. Railway, 77 Mo. 318; Central Trust Co. v. Railway, 54 Fed. 598-663.]

In Rapauno Chemical Co. v. Railway, supra, it was held that the plaintiff, who sold powder to the contractor for the construction of a road, was entitled to a lien for the powder furnished, the powder having been used in blasting out rock in the work of constructing the roadbed, and also held, in effect, that powder could not be classed along with picks, shovels, wheelbarrows, etc., as constituting a part of the contractor's plant for doing the work.

In Sweem v. Railway, 85 Mo. pp. 87, the defendant company owned a lot of burnt clay in a pit near its tracks which it wished to use as ballast on its tracks. It built a switch into the pit and made a contract with one Pugh to load the burnt clay on its cars, at his own expense. Pugh hired men to load the clay into the defendant's cars and it was hauled away by the railroad company and used as ballast on its track. Pugh failed to pay the laborers and his superintendent. It was held that both the laborers and the superintendent were entitled to a lien upon the road, the laborers for their work and the superintendent for his services. The lien in this case was bottomed on the first paragraph or clause of the Railroad Lien Law (R. S. 1899, sec. 4239) and the labor was directly applied to the improvement of the roadbed,

116 App—24

as much so as if the laborers had shoveled the burnt clay from the loaded cars onto the track.

In St. Louis, I. M. & S. Ry. Co. v. Love, 86 S. W. (Ark.) 395, under a statute of Arkansas, providing that every person who furnishes any material, machinery, fixtures, or other things toward the construction or equipment of any railroad shall have a lien, did not include teams furnished the contractor but only such things and materials as entered into and formed a part of the railroad, and not merely material, teams and supplies furnished the contractor as a part of the equipment and plant to aid him in the performance of his contract. The court observes however, "We do not overlook the line of authorities where some articles, such as powder furnished for blasting, are held to be materials used in construction, for which a lien is given."

The powder furnished by the plaintiff was not used or intended to be used in the construction or improvement of the roadbed, by the railroad company or the Shutt Improvement Company, but was intended to be used and was used by the latter in its quarries for the purpose of blasting rock to be crushed and loaded into the railroad company's cars in fulfillment of the improvement company's contract. There is, therefore, no privity or connection between the plaintiff and the railroad company, and for this reason the company was under no obligation to protect the plaintiff's account against the Shutt Improvement Company for the powder. In respect to the railroad company, it seems to us, the relation between it and the plaintiff is not different from what would be the relation of A to a railroad company if he should chop and hew ties in the woods for B, which ties B would take up and deliver to the railroad company in fulfillment of his contract with it to deliver ties. To appropriate an argument from the brief of able counsel, "If the plaintiff has a lien against the railroad for powder furnished to blast the Shutt Improvement Company's stone, then on the same principle the hard-

ware company which furnished the crowbars and drills would be entitled to a lien, and the laborers who did the drilling and run the machinery crushing the stone would likewise be entitled to a lien. Indeed, if the principle is correct it might be applied to the oil that lubricated the crushing machinery for the Shutt Improvement Company, or to the machinery itself, or to the coal and water that made the steam to run the machinery. Indeed, why should this be the limit, the men who actually furnished the saltpeter, and the men who compounded and manufactured the powder, etc., furnished by plaintiff to the Shutt Improvement Company, might likewise claim a lien, if they could show that their saltpeter went into the blasting powder which was used by the quarry men to quarry stone to be manufactured into crushed stone ballast, which the railroad company bought and paid for at a fixed price, all because the railroad company used it on its roadbed."

We think it would be an unreasonable stretch of the statute to hold that plaintiff comes within its provisions.

The judgment against the railroad company is reversed.