DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1912.

---

## United States of America, for use, etc., Appellant, v. Fi= delity and Deposit Company of Mary= land, Appellee.

MECHANIC'S LIENS—*what not within contemplation of Federal statute providing bond of contractor to protect sub-contractors.* Feed furnished for the teams of a contractor is not included within such statute.

Appeal from the Circuit Court of St. Clair county; the HON. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911. Rehearing denied April 3, 1912.

JESSE W. BARRETT and BARTHEL, FARMER & KLINGEL, for appellant.

FRED B. MERRILLS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought in the name of the United States of America for the use of Anise Hastings, administratrix *de bonis non* of Samuel Hastings, deceased, against Fidelity and Deposit Company as surety on a contractor's bond.

(1)

Defendant filed a general and special demurrer to plaintiff's declaration, which was sustained by the court. Plaintiff chose to abide her declaration, and judgment having been entered against her for costs, she has appealed to this court, assigning as errors that the court below erred in sustaining the demurrer to the amended declaration and in rendering judgment against her for costs.

The declaration charged that on August 26, 1902, the Shutt Improvement Company entered into a contract with the United States to construct, enlarge and repair a certain levee or levees in the lower St. Francis Levee District in the states of Missouri and Arkansas, that at the same time said Improvement Company, together with the Fidelity and Deposit Company of Maryland, in accordance with the statutes of the United States, in such cases made and provided, entered into a bond in the sum of $18,750, providing for the faithful performance by said Improvement Company of the covenants and conditions of said contract and also that said Improvement Company should "promptly make full payments to all persons supplying labor or materials in the prosecution of the work provided for in said contract;" that said Samuel Hastings, now deceased, sold and delivered to said Improvement Company to be used, and which was actually used, in the prosecution of the work provided for, certain materials and merchandise, consisting of hay, grain, etc.; that said materials were actually used as feed for the teams which were engaged in and about the work of the construction, enlargement and repair of said levees; that of the amount to be paid said Hastings for said feed, there yet remains due and unpaid the sum of $3168.76.

Appellee in addition to a general demurrer filed a number of causes for special demurrer, but while we fully appreciate the gravity of all the questions raised

by the causes of special demurrer so assigned, we deem it unnecessary to discuss here more than one of them, as that one seems to fully demonstrate that appellant's declaration did not state a good cause of action.

The special cause of demurrer with which we are concerned states, ''The declaration does show that the material alleged to have been furnished the contractor by the usee, is not material within the contemplation of the statute and is not chargeable to the defendant under the alleged bond.'' The statutes of the United States referred to in the declaration provide ''that hereafter any person or persons entering into a formal contract with the United States for the construction of any public building or the prosecution and completion of any public work or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond with good and sufficient sureties, with the additional obligations that such contractor or contractors, shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract.'' Vol. 2 U. S. Compiled Stat. 1901 p. 2523.

The question presented for our consideration under the special cause of demurrer above referred to is, whether the feed for teams furnished by Hastings to the Shutt Improvement Company, is or is not to be considered as material supplied that company in the prosecution of the work provided for in the contract, the language of the declaration and that of the statute being identical upon this subject.

In the case of Standard Oil Co. v. City Trust Co., 21 App. D. C. 369, it was held that lubricating oils used in the operation of the machinery of a dredge, were not materials supplied in the prosecution of the work within the meaning of the Act of Congress. In

Trust Co. v. U. S., 147 Fed. Rep. 155, the plaintiff sought to recover the price of 700 tons of coal furnished the contractor for the use of hoisting engines, pumping engines and locomotives in the construction of a dry dock for the Government, and the court held the coal came within the meaning of the statute and the surety was liable therefor, saying in the course of the opinion, "The materials need not be permanent constituents of the structure itself, but must be necessarily incident to the execution of the agreement, to come within the purview of defendant's contract, and the coal consumed in carrying on the work, is of that character." The writer of that opinion discusses among other cases, Standard Oil Co. v. City Trust Co., *supra,* saying in reference to the same, "If the oil was really used for the preservation of the machinery, we would fully concur; but if it was in fact wholly consumed in doing the work which had been contracted for, we do not find this authority persuasive."

In Am. Surety Co. v. Lawrenceville Cement Co., 110 Fed. Rep. 717, the court said, in distinguishing between those items sued for which the bond covered and those which it did not: "The underlying principle which has governed the master is correct in that he has discriminated between labor and materials consumed in the work or in connection therewith, and labor and materials made use of in furnishing the so called contractors' plant and available not only for this but for other work."

In the case of U. S. v. Morgan, 111 Fed. Rep. 474, it was held that the equipment of a steam launch used on a contract, material for the construction of dump cars, tracks, derricks, storage sheds, shovels and similar tools, were not materials within the statute; because "they did not enter into the construction of the public work but were in the nature of tools and appliances

to be used by the contractor for his own convenience and advantage, in his execution of his contract."

The court in U. S. v. Kimpland, 93 Fed. Rep. 403, reached the conclusion that this statute did not cover board and lodging furnished to laborers, on the contract work, saying "Sica (the claimant) gave food and necessaries to the men to give the men strength and facilities to labor; hence the men worked. But this labor was not the service rendered by Sica."

Under an Ohio statute, which provided that "A person who performs labor or furnishes materials for or in construction of any railroad," should be entitled to a lien for the same upon the railroad, it was declared that hay, grain, straw and feed furnished a contractor for teams employed by him on the work, were not within the meaning of the act. Penn. Co. v. Mehaffey, 75 Ohio St. 432.

In Ferguson v. Despo, 8 Ind. App. 523, under a statute giving a lien upon the right of way and franchises of a railroad corporation to "all persons who shall perform work or labor or furnish materials in the way of grading etc.", the court refused to allow for board and groceries furnished the workmen of certain contractors, for the reason that the same were not materials entering into the construction of the work.

It will thus be seen that the question of what constitutes materials in the prosecution of the work provided for in the contract under the statute in question, is one which is not clearly covered by any general rule of construction and that the authorities upon the subject are not entirely harmonious. It might be sufficient to bring certain materials furnished to a contractor within the statute, that they were wholly consumed in the prosecution of the work, while as to others it would seem to be necessary that they should directly enter into the construction of the work. Of course the

feed furnished for the teams by Hastings did not enter into the construction of the work being done by the Improvement Company, nor can it in our opinion, be properly said that it was wholly consumed "in the prosecution of the work."

It is probably true that the feed was eaten and wholly consumed by the teams in question but that was for the purpose of maintaining the life of the teams and they could be used not only for this work but for subsequent work. In that respect the feed was similar to oil used for the preservation of machinery as referred to in City Trust Co. v. U. S., *supra.*

Coal purchased by a contractor doing such work would only be used in operating machinery, while engaged in actually prosecuting the work, but the teams would have to be fed, whether they were working or not.

It appears to us the rule laid down in the case of U. S. v. Kimpland, *supra,* that the statute did not cover board and lodging for laborers on the contract, applies with equal force to feed furnished teams working on the contract. From a consideration of the case, and an examination of a number of authorities, where this statute has been under consideration, we have reached the conclusion that the feed furnished by Hastings, for the teams of the contractor, is not included within the statute relied on, and that the declaration therefore does not state a good cause of action.

The court below properly sustained the demurrer to the declaration and its judgment will accordingly be affirmed.

*Judgment affirmed.*