Allread, J.
This action was brought to recover for gasoline and oil supplied to the trucks of Culbertson & Culbertson, contractors, for certain road construction work. The trucks were engaged in hauling sand and gravel to be used in the work of constructing the road. The gasoline and oil was furnished by the plaintiff under a contract with Culbertson & Culbertson. The defendant, the United States Fidelity & Guaranty Company, was the surety upon the bond of Culbertson & Culbertson for the performance of the contract.
The statute (Section 1208, G. C., 106 O. L., 634) requiring the bond, contains the following provision:
“Such bond shall also be conditioned for the payment of all material and labor furnished for or used in the construction of the road for which such contract is made, and which is furnished to the original contractor or sub-contractor, agent or superintendent of either engaged in such work. The bond may be enforced against the person, persons or company executing such bond by any claimant for labor or material.”
*347 The bond among other provisions contains the following:
“And shall pay all claims of sub-contractors, materials, men and laborers arising from the construction of said improvement.”
Í
The contentions of counsel for defendant in error is that the furnishing of gasoline and oil to motor trucks 'engaged in the hauling of material for the construction of the road in controversy is not “material and labor furnished for or used in the construction of the road.”
The trial court accepted this view and instructed a verdict for the defendant.
Counsel upon both sides have been industrious in the citation of many cases under similar statutes and contracts. The case at bar involves a construction of the statute and bond above recited.
It is argued in behalf of the contention of the defendant in ■error that the material and labor for which the personal liability is given against the surety upon the bond of the contractor must be limited to the labor and material going directly into the improvement.
While there are some cases notably the case of City of Philadelphia v. Malone, 214 Penn. State, 90, which accepts that restricted view yet we think the weight of authority sustains a more liberal construction of the statute and bond under consideration. Title Guaranty & Trust Co. v. Crane Co., 219 U. S., 24; City Trust, etc., Co. v. U. S., 147 Fed., 155; Zipp v. Fidelity & Deposit Co., 76 N. Y. Supp., 386; Am. Surety Co. v. Lawrenceville Cement Co., 110 Fed., 717; National Surety Co. v. U. S., 228 Fed., 577; Brogan v. Natl. Surety Co., 246 U. S., 257; U. S. Fidelity Co. v. Bartlett, 231 U. S., 237.
It will be observed that the statute includes not only material and labor used “in” the construction of the road, but material and labor furnished “for” the construction of the road. We think that to confine this construction to labor and material which goes directly into the road improvement would be too narrow. Motor trucks are very commonly used in modern road construction. The language employed in . the statute would *348 include any labor or material furnished the contractor or subcontractor which goes directly into and forms a part of the work or road construction. Gasoline and oil in motor car service are essentials and without it trucks could not be operated. It is identical in principle to the coal and oil cases where coal and oil are furnished to operate the engine and the ■engine takes the place of labor in the construction.
In the coal and oil cases the claims were allowed because the coal and oil furnished the motive power and operated as a substitute for labor. The same argument may be made in favor of gasoline and oil as applied to motor truck transportation.
If the material is only a few feet from the desired position in the road it could 'be shoveled by labor. If it were a few yards away it would probably be wheeled by labor, but if miles away it may be transported by motor trucks with gasoline and oil as the motive power. So that, if the argument that the gasoline and oil must be a substitute for labor is necessary to support the plaintiff’s claim, the argument would not be.entirely lacking as the distance required for transportation would not change the principle.
It is true it has been held that grain and feed for the sustenance of animals employed in transportation and other work is not material within the meaning of statutes and contracts. U. S. v. Laurence, 236 Fed., 1006; National Surety Company v. U. S., 228 Fed., 577; Pennsylvania Railroad Company v. Mahaffey, 75 O. S., 432.
But the grain and feed cases do not purport to be inconsistent with the coal cases. In fact in the National Shrety Company case the court allowed a claim for coal and disallowed a claim for feed. It is apparent that claims for feed for animals or men engaged in labor upon construction work are more remote than claims for coal or gasoline and oil used as the motive power for machinery directly employed in construction work. The feed and grain cases are not, therefore, irreconcilable with a claim for gasoline and oil under the circumstances of the present case.
We are, therefore, of opinion that the plaintiff would be entitled to an allowance of his claim for gasoline and oil *349 furnished to the contractor for use in trucks employed exclusively in conveying material for use in the road improvement contracted for.
Judgment reversed and cause remanded for a new trial.
Kunkel, J., and Ferneding, J., concur.